JONATHAN A. WILLIAMS, Respondent *v.* THE OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

General Damages—Pleading—Appointment of Jury Commissioners—Directory Statute — Evidence — Liability of Common Carriers—Stipulation of Exemption for Negligence.

1. *General Damages — Negligence — Pleading—Proof—Special Demurrer.*

In tort, plaintiff is not required to aver all the physical injuries which he sustained or which may have resulted from or be aggravated by the wrongful act of defendant. If such injuries can be traced to the act complained of, or are such as would naturally follow from it, they need not be specifically alleged. (Following the rule adopted in *Croco* v. *O. S. L. Ry. Co.*, 17 U. 985; 54 Pac. ——.) Rule not changed by interposition of special demurrer. If special damages are claimed such damages must be specifically alleged.

2. *Jury Commissioners—Time of Selection—Directory Statute.*

The provisions of secs. 1302, 1306. Rev. Stats. 1898, fixing the time for the appointment of jury commissioners and the selecting of the list of jurors by such commissioners, are directory merely; and an objection to the panel on the ground that the commissioners were appointed and made their selec-

tions after Jan. 1, 1898, was properly overruled. (Following *Kennedy* v. *O. S. L. Ry. Co.*. 17 U. —; 54 Pac. 988.)

3. *Evidence—Conditions Printed on Back of Free Pass Excluded.*
   Where there is a valid consideration for a pass given by a railroad company, conditions printed on such pass exempting the company from responsibility for the negligence of its servants do not bind the passenger and should not be admitted in evidence in an action for damages for injuries caused by negligence. Similar rule as to free passes.

4. *General Rules Governing Liability of Common Carriers for Negligence—Cannot Stipulate for Exemption.*
   By the great weight of authority in this country, the general rule as to the rights of common carriers to stipulate for exemption from responsibility for negligence is as follows:

   FIRST:—A common carrier cannot stipulate for exemption from responsibility, when such exemption is not just and reasonable in the eye of the law.

   SECOND:—It is not just and reasonable in the eye of the law for the common carrier to stipulate for exemption from responsibility for the negligence of the master or his servants.

   THIRD:—These rules apply both to carriers of goods and carriers of passengers, and with special force to the latter.

   FOURTH:—Where a person agrees with a carrier to enter in its employment at a certain place in the future, and in consideration of the mutual interests of both a free pass is given to the place of employment with conditions on the back rendering the carrier non-liable for injuries caused by its negligence, or that of its agents, and in traveling on the defendant's road to the place of employment, the person is injured by the negligence of the carrier's agents, such person must be regarded as a passenger for hire and not an employé, and the carrier is liable for damages caused the passenger for its negligence.

(Decided November 12, 1898.)

Appeal from the district court of Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff against defendant to recover damages for personal injuries received by plaintiff while riding as a passenger upon defendant's cars. From a judgment for plaintiff defendant appeals. *Affirmed.*

*Messrs. Williams, VanCott & Sutherland* for appellant.

The court erred in overruling defendant's demurrer to the complaint. The demurrer was special and was aimed at the uncertainty of the complaint in the description of the injuries alleged to have been received by the plaintiff.

The invariable rule of pleading is that it must be so definite and certain as to apprise the defendant of the matter he is called upon to meet. *Stephenson* v. *Southern Pacific,* 34 Pac., 618; *Colton* v. *Underdonk,* 69 Cal., 157; *Reynolds* v. *Hosmer,* 45 Cal., 616; *Ward* v. *Clay,* 82 Cal., 502; *Daggett* v. *Gray,* 110 Cal., 169.

The rule is uniform that a special demurrer for such a defect as here exists should be allowed in all those states in which ambiguity, intelligibility or uncertainty are by the statute made a ground of demurrer. Bliss on Code Pleadings, Sec. 425; *Wood* v. *Oregon Ry. & Nav. Co.,* (S. C. Ore.) 22 Pac. Rep. 1076; *McPherson* v. *Pacific Bridge Co.,* (S. C. Ore.) 26 Pac., 560; *C. B. &. Q. R. R. Co.* v. *Horwood,* 90 Ills., 425; *Pullman Palace Car Co.* v. *Martin,* (Ga. S. C.) 18 S. E., 364; *Conley* v. *Richmond & D. R. Co.,* 14 S. E. 303.

The court erred in denying the defendant's challenge to the panel of the jury. Rev. Stat. Sects. 2479, 1306, 1307, 1309 and 1302.

There is a doctrine with reference to the construction of statutes in determining whether they are directory or mandatory, which is well expressed in Sutherland on Statutory Construction, Sec. 448, as follows:

" Provisions regulating the duty of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute is such that the designation of the time must be considered as a limitation of the power of the officer."

While conceding the general rule that affirmative statutes with reference to the duties of public officers are ordinarily construed to be directory as to matters with reference to time of performance or the time to which an act is made to apply, yet if the legislature has indicated by the language chosen to express its will as in this case, to what time or for what period the acts of officers are made to apply, the courts have no power to make it applicable to another time or period. *People* v. *Porter*, 6 Cal., 627; *McKune* v. *Weller*, 11 Cal., 49; *Kenfield* v. *Irwin*, 52 Cal., 164; *Weill* v. *Kenfield*, 54 Cal., 111; *In re* Petition of George Douglas, 46 N. Y., 42; Matter of the Petition of Anderson, 60 N. Y., 457; *Webster* v. *Frence*, 12 Ills., 301; *Clark* v. *Ewing*, 87 Ills., 344.

The court erred in refusing to admit in evidence the conditions on the back of the pass, and in giving the jury the sixth instruction.

These two errors may be properly treated together, for if the plaintiff was an employee and not a passenger at the time he received the injury complained of, the sixth instruction is clearly erroneous, because it is not a correct statement of the law except when the relationship is that

of passenger and carrier, and the same result follows if the court erred in excluding from the jury the conditions printed upon the back of the pass.

The plaintiff here from the situation shown in the evidence would not have taken his journey except to commence the work which he had undertaken to perform for the defendant. He was given a pass in consequence of the contract of employment. His relationship was wholly different from that of a passenger taking passage upon a conveyance of a carrier of passengers, to proceed, at his own will, upon business or pleasure. *Manville* v. *Cleveland & Toledo R. R. Co.*, 11 Ohio St., 417; *Gilman* v. *Eastern R. R. Corporation*, 92 Mass. 233; *Gilshannon* v. *Stonybrook R. R. Co.*, 64 Mass. (Cushing), 228.

*C. C. Richards, Esq.*, and *Messrs. J. H. & H. R. McMillan* for respondents.

That the demurrer was properly overruled see: *Chicago* v. *Sheenan.* 113 Ills., 658; *Chicago City R. Co.* v. *Hastings*, 136 Ills., 251; *Chicago* v. *Selborn*, (Ills.) 17 N. E., 462; *Chicago* v. *McLean*, 133 Ills., 148; *Lake Shore R. Co.* v. *Ward*, 135 Ill., 511.

That the court did not err in denying defendant's challenge to the jury see: Sec. 3140, Rev. Stats., 1898; 12 Enc. of Pl. & Pr., 422 and citations; *People* v. *Southwell*, 46 Cal., 146; *People* v. *Welch*, 49 Id., 177; *People* v. *Wallace*, 101 Id., 282; *State* v. *Reynolds*, 11 Nev., 106.

We maintain that the law in regard to the time of appointing (jury) commissioners is directory. *Colt* v. *Eves*, 12 Conn., 242; *State* v. *Pitt*, 58 Mo. ,557; *Burlingame* v. *Burlingame*, 18 Wis., 300; *Thomas* v. *People*, 39 Mich., 311; *State* v. *Smith.* 67 Me., 332; 12 Enc. Pl. & Pr., 301 and citations.

That the court did not err in refusing to admit in evidence the conditions upon the back of the pass and in giving the jury the sixth instruction involves a consideration of two questions: (a) whether plaintiff was a passenger on defendant's train, and (b), whether he was bound by the conditions on the back of the ticket exempting the defendant from all liability for negligence of its servants.

An examination of the Massachusetts decisions shows that the earlier decisions cited by appellant have been overruled and that in a case analogous to the case at bar it has been held that one who rides on a pass to and from his work is a passenger and not an employee and not bound by conditions exempting the carrier from liability. *Grand Trunk R. Co.* v. *Stevens*, 95 U. S., 655, 24 Ibed, 535; *Rose* v. *DesMoines V. R. Co.*, 39 Ia., 246; *Annas* v. *Milwaukee & N. R. Co.*, 58 Am. Rep., 848; 57 Am. Rep., 388, note; *Pennsylvania R. Co.* v. *St. Paul & C. R. Co.*, 18 Am. Rep., 360; *Willis* v. *Grand Trunk R. Co.*, 62 Me., 489 *Kansas City, St. J. & C. B. R. Co.* v. *Simpson*, 46 Am. Rep., 104; *Taylor* v. *Little Rock M. R. & T. R. Co.*, 39 Ark., 148; 3 Wood Railway Laws, Sec. 425, p. 1576; *Maynard* v. *Syracuse B. & N. Y. R. Co.*, 71 N. Y., 180; *Nicholas* v. *N. Y. C. & H. R. R. Co.*, 89 N. Y., 370.

The Supreme Court of Utah in *Saunders* v. *The Southern Pacific Co.*, 13 Utah, 284, passes on the conditions on a ticket similar to the one in controversy.

MINER, J.

This action was brought to recover damages for personal injuries received by plaintiff while riding as a passenger upon defendant's cars near Malad Bridge, Idaho, on the 3d day of April, 1897.

The complaint charged, in substance, that while plaintiff was riding in defendant's cars, as a passenger, the defendant carelessly and negligently operated and ran its train at a great and dangerous rate of speed over and upon a defective and inadequate railway track, roadbed and switch maintained by it, and by reason of such negligence and carelessness the train was wrecked, and the plaintiff was thereby greatly and permanently injured, crushed, bruised, and wounded in his back and loins, and in various other parts of his body, both externally and internally, and some of his ribs were broken, and because of said injuries plaintiff became sick, sore, lame and disordered, and so continued to this day, and he has suffered, and now suffers thereby great mental and physical pain and distress, and by reason of said injuries he has been rendered unable to follow his usual avocation, and was compelled to lay out and expend $50.00 for medical treatment, etc.

To this complaint the defendant interposed a special demurrer to the effect that it was unintelligible, ambiguous, and uncertain, and that it did not appear what the nature, extent, or kind of injuries, either external or internal, were inflicted, except that some of his ribs were broken, and that the nature and extent of the injury was not set forth.   The demurrer was overruled, and the defendant filed its answer denying the allegations of the complaint, and alleged that at the time of the injury plaintiff was not a passenger, but was traveling on a free pass or ticket delivered to plaintiff without consideration.

1st. Appellant contends that the court erred in overruling the demurrer.   We do not agree with the appellant in this contention.

In the case of *Croco* v. *The Oregon Short Line R'y Co.*, decided at the present term of this court, 54 Pac.

Rep. 985, 17 Utah, ——, this court in passing upon the same question said that the plaintiff was not required to aver all the physical injuries which he sustained, or which may have resulted from or been aggravated by the wrongful act complained of. If such injuries can be traced to the act complained of, or are such as to naturally follow from the injury, they need not be specifically averred. When the defendant was informed by the complaint that the plaintiff was permanently injured, crushed, bruised and wounded in his back and loins, and in various other parts of his body, both externally and internally, some of his ribs broken, and because of such injuries plaintiff became sick, sore, lame and disordered, and so continued to be, and suffered by reason thereof, great mental and physical pain and distress, he was bound to expect evidence of any sickness or any injury to plaintiff's body, both mental and physical, the origin or aggravation of which could be traced to the negligent act complained of.

A complaint alleging negligence and carelessness should specifically state the acts or omission complained of with reasonable certainty, and show what such negligence or carelessness consisted of, or it will be held bad on special demurrer. *Mangum* v. *Bullion Beck*, 50 Pac. Rep. 834, 17 Utah, ——; *C. B. & Q. R. R.* v. *Harwood*, 90 Ill. 425.

But such particularity is not required in stating the injury complained of. It is sufficient on special demurrer if the facts are stated within the rule heretofore laid down. Where, however, special damages are claimed, such damages must be specifically alleged.

In the case of *Croco* v. *The Oregon Short Line R'y*, above referred to, many cases are cited and the above rule adopted. The fact that a special demurrer was interposed in this case does not change the rule. The allegations

in this complaint were sufficiently unambiguous and certain to give the defendant notice of the nature and character of the injury complained of. The demurrer was properly overruled.

2d. It is also contended that the court erred in denying defendant's challenge to the panel of jurors. The grounds of the challenge were the same as those made in the case of *Kennedy* v. *The Oregon Short Line Ry. Co.*, decided at the present term of this court, reported in 54 Pac. Rep. 988, 17 Utah ——. In that case this court held against the contention of the appellant. The holding in that case is decisive of the question here presented.

3d. The plaintiff gave testimony tending to show that in April 1897, he applied to Mr. Boies, defendant's train master at Pocatello, Idaho, for employment. Boies agreed to give him employment as brakeman if he would go to Glenn's Ferry, Idaho. The plaintiff agreed to go to Glenn's Ferry, and Boies gave him a pass from Pocatello to that place and return. Plaintiff did not ask for the pass. The pass had an endorsement on the back of it. Plaintiff could not say that he read it. It was usual, when a man was employed on a railroad and went to a particular place, to give him a pass to such place. Plaintiff's employment was to begin when he was put to work, and he was to begin work when he arrived at Glenn's Ferry and when placed at work. His time was not going on when the accident occurred. The understanding was that the plaintiff's time would begin when he was actually put to work. While traveling on a free pass in pursuance of the agreement, on defendant's railroad to the place of employment, and when near Malad bridge in Idaho, and before reaching Glenn's Ferry the train was wrecked, and the plaintiff was injured.

The signature of the plaintiff on the back of the pass

was admitted.   The pass was received in evidence.   But the following conditions endorsed on the back of the pass, were offered in evidence, and on objection, were refused by the court: "This ticket is not transferable, and it is void if presented by any other than the person named, or if any alteration, addition or erasure is made upon it.   The person accepting and using this ticket, in consideration of receiving the same, voluntarily assumes all risk of accidents and damages, and expressly agrees that the Oregon Short Line Railroad Company shall not be regarded as a common carrier, nor as liable to him for an injury to his person, or any loss or damage to his baggage which may occur while using this ticket, whether caused by the negligence of the company's agents or otherwise.   Not good unless signed in ink by the person named on the pass.

"J. A. WILLIAMS."

Among other things, the court instructed the jury as follows: "I charge you that it was the duty of the defendant to use the utmost care and skill which prudent men are ordinarily accustomed to use in keeping its roadbeds, rails and switch in proper repair, and adequate for the purpose for which they are used; and if you believe from the evidence that such care was not exercised upon the part of the defendant, by reason of which the train upon which the plaintiff was riding became derailed, which caused his injury, then I charge you that you should find a verdict in favor of the plaintiff."

The appellant contends that the court erred in refusing to admit in evidence the conditions on the back of the pass, and in giving the jury the above instruction, requiring the greatest care, as in case of a passenger, and claims that the plaintiff was an employé and not a passenger, and therefore the defendant only owed him the

exercise of ordinary care at the time of the injury, and that the instruction is incorrect, except when the relationship of passenger and carrier exists.

The testimony shows that the plaintiff had agreed to enter the employment of the defendant as a brakeman at such time as he could reach Glenn's Ferry, Idaho. Free transportation, with the conditions attached thereto, was given the plaintiff by the defendant, without request, for the purpose of enabling the plaintiff to reach the agreed place, where the employment would commence. Plaintiff's compensation was not to commence until he reached Glenn's Ferry, and was there given employment on the order given by the yard master. Therefore, the relation of employé and employer, master and servant, had not yet attached at the time of the injury which occurred at Malad bridge. The intention was to employ and be employed, and the pass was given with that expectation. The transportation of plaintiff to Glenn's Ferry was not a matter of charity or gratuity on the part of the defendant. The free pass was given by virtue of an agreement by which the mutual interests of the parties were considered. The plaintiff desired employment at Glenn's Ferry. The defendant desired plaintiff's services at Glenn's Ferry, and agreed to transport him there free of charge, if he would go there and enter its employment after he arrived there. The plaintiff agreed to this arrangement. The transaction was a mutual benefit to both of the parties, and the pass did not alter it. This was a case where the defendant as a common carrier of passengers could not stipulate for the exemption from liability on account of the negligence of his servants. The pass was simply the evidence of a right to be tranferred over the road, but not of a contract by which the plaintiff was to assume all the risks, and it would not have been

valid if it had been. Under these circumstances it was not important what the back of the pass contained. Plaintiff's acceptance of the pass under the circumstances and conditions would not prevent a recovery. There was a valid consideration for the pass, the plaintiff was a passenger and entitled to that degree of care covered by the instruction. Being such, the defendant had no right to stipulate for the immunity expressed on the back of the pass. *Railway Co.* v. *Stevens*, 95 U. S. 655; *Railway Co.* v. *Lockwood*, 17 Wal. 357; 3 Wood on Railroads, p. 1696; 2 Wood on Railroads, p. 1203; *Doyle* v. *Railroad Co.*, 166 Mass. 492; *Denver Co.* v. *Dwyer*, 20 Colo. 132; *Flint & Pere Marquette R. R. Co.* v. *Weir*, 5 Cent. Law Journal, 285; *State of Md.* v. *Western R. R. Co.*, 63 Md. 433; *Gillenwater* v. *R'y. Co.* 5 Ind. 339.

It is argued that even if the ticket was a free pass gratuitously possessed with the conditions printed thereon, still the defendant could not escape liability for its negligence. We believe the plaintiff is correct in this contention. It is held to be the general rule in most of the states that in the case of a person riding on a free pass the carrier is under the same obligations, as to care and vigilance, as he is to a passenger for hire; and as to a passenger to whom a pass is given, based upon any consideration, he cannot absolve himself from liability for injuries resulting from gross negligence, by any notice to that effect printed upon the pass, as such conditions are held to be against public policy and void. 2 Wood on Railroads, 1208; 3 Wood on Railroads, p. 1696; *Rose* v. *Des Moines R. Co.*, 39 Iowa, 246; *L. & N. R. R. Co.* v. *Wynn*, 88 Tenn. 330; *Annas* v. *M. & N. R. R. Co.*, 67 Wis. 46; *Railway Co.* v. *Lockwood, supra; C. C. & S. F. Ry. Co.* v. *McGowan*, 65 Tex. 640; *Shearman & Red*, on Negligence, sec. 492; *State of Md.* v. *Western*

*R. R. Co.,* supra; *Gillenwater* v. *Ry. Co.,* supra;
*O'Donnell* v. *Ry. Co.,* 50 Pa. St. 490; Hutchinson on
Carriers, section 566.

In *Saunders* v. *Southern Pac. Co.,* 13 Utah 284, this
court held with reference to a drover's pass, where like
conditions were attached, that the holder of the pass was
a passenger, and entitled to protection as a passenger
on such train regardless of any clause in the contract
exempting the carrier from liability from negligence of its
servants, because such clause is against the policy of the
law and therefore void. That when the passenger was
received the company was liable for any injury which
might befall him through the negligence of its servants,
the same as though he actually paid his fare before enter-
ing the cars, and as to him the company was bound to the
exercise of the same care. Hutchinson on Carriers, Sec.
550b; *Railroad Co.* v. *Lockwood* 17 Wall. 357.

Speaking of the duties of common carriers, in *Railroad
Co.* v. *Lockwood,* 17 Wall. 357, the court said:

"In regulating the public establishment of common
carriers, the great object of the law was to secure the
utmost care and diligence in the performance of their
important duties—an object essential to the welfare of
every civilized community. Hence the common law rule
which charged the common carrier as an insurer. Why
charge him as such? Plainly for the purpose of raising
the most stringent motive for the exercise of carefulness
and fidelity in his trust. In regard to passengers the
highest degree of carefulness and diligence is expressly
exacted. In the one case the securing of the most exact
diligence ond fidelity underlies the law, and is the reason
for it; in the other it is directly and absolutely prescribed
by the law. It is obvious, therefore, that if a carrier
stipulate not to be bound to the exercise of due care and

diligence, but to be at liberty to indulge in the contrary, he seeks to put off the essential duties of his employment. And to assert that he may do so seems almost a contradiction in terms.   *   *   *

"The carrier and his customer do not stand on a footing of equality.   The latter is only one individual of a million.   He cannot afford to higgle or stand out and seek redress in the courts.   His business will not admit of such a course.   He prefers, rather, to accept any bill of lading, or sign any paper the carrier presents; often, indeed, without knowing what the one or the other contains.   In most cases he has no alternative but to do this, or abandon his business.   *   *   *

"'It being clearly established, then,' says he, 'that common carriers have public duties which they are bound to discharge with impartiality, we must conclude that they cannot, either by notices or special contracts, release themselves from the performance of these public duties, even by the consent of those who employ them; for all extortion is done by the apparent consent of the victim. A public officer or servant, who has a monopoly in his department, has no just right to impose onerous and unreasonable conditions upon those who are compelled to employ him.'"

From a review of the great weight of authority in this country, the general rule, with reference to the liability of common carriers is held to be, first, "that a common carrier cannot stipulate for exemption from responsibility, when such exemption is not just and reasonable in the eye of the law;" second, "that it is not just and reasonable in the eye of the law for the common carrier to stipulate for exemption from responsibility for the negligence of the master or his servants;" third, "that these rules apply both to carriers of goods and carriers of passengers, and

with special force to the latter;" fourth, "that where a person agrees with a carrier to enter in its employment at a certain place in the future, and in consideration of the mutual interests of both a free pass is given to the place of employment with conditions on the back rendering the carrier non-liable for injuries caused by its negligence, or that of its agents, and in traveling on the defendant's road to the place of employment, the person is injured by the negligence of the carrier's agents, such person must be regarded as a passenger for hire and not an employé, and the carrier is liable for damages caused the passenger by its negligence." The conditions printed on the back of the pass were properly rejected. The instructions were not subject to the objection made.

We find no reversible error in the record. The judgment of the district court is affirmed, with costs.

ZANE, C. J. and BARTCH, J. concur.