RILEY v. VALLEJO FERRY CO.

(District Court, N. D. California. June 30, 1909.)

No. 13,736.

1. CARRIERS (§ 247*) — RELATION OF CARRIER AND PASSENGER — TIME OF COMMENCEMENT—"PASSENGER."

The relation of carrier and passenger begins as soon as one, intending in good faith to become a "passenger," enters the carrier's premises for that purpose, and the carrier's responsibility dates from that time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 984–993; Dec. Dig. § 247.*

For other definitions, see Words and Phrases, vol. 6, pp. 5218–5227; vol. 8, p. 7748.]

---

2. FERRIES (§ 32*)—INJURY TO PASSENGER—NEGLIGENCE OF EMPLOYÉS.

> A woman, following others and leading two small children, was going down the gangway on board a ferryboat of defendant, when the warning whistle blew, and as she attempted to step upon the boat it started, throwing her and the children into the bay, causing her death. There were deck hands on the boat at the end of the gangplank, who made no attempt to prevent people from coming on board, but assisted them. *Held*, that deceased was a passenger, to whom defendant owed the duty of care as such, and that it failed in such duty; also that deceased was acting upon at least the implied invitation of defendant's servants, and was not, under the circumstances, chargeable with contributory negligence; and that defendant was liable in damages for her death.

> [Ed. Note.—For other cases, see Ferries, Cent. Dig. § 85; Dec. Dig. § 32.*

> As carriers, see note to Wade v. Lutcher & Moore Cypress Lumber Co., 20 C. C. A. 536.]

In Admiralty. Action by Stanislaus A. Riley, as administrator of the estate of Josephine C. Irelan, against the Vallejo Ferry Company. Decree for libelant.

Wm. Denman, for libelant.

Fredk. W. Hall, for respondent.

DE HAVEN, District Judge. This is an action, in personam, brought by Stanislaus A. Riley, as administrator of the estate of Josephine C. Irelan, deceased, against the defendant, to recover damages for the death of said deceased; the libel alleging that her death was caused by the negligence of the defendant in the operation of the steam ferryboat Vallejo.

1. The defendant was, on January 18, 1907, the owner and engaged in operating the Vallejo, as a common carrier of passengers, between the city of Vallejo and Mare Island, and on the afternoon of that day the deceased, in attempting to go on board that boat, for the purpose of taking passage to Mare Island, fell into the waters of San Francisco Bay, and as a result contracted pneumonia, from the effects of which she died on January 22, 1907. The accident occurred in this manner: The deceased, accompanied by three children, her mother, and a lady friend, started down the narrow passageway leading from Georgia street wharf to the ferry slip in which the Vallejo was moored, intending to take passage to Mare Island. The deceased was leading two small children, and her baby, two years old, was in a baby carriage, wheeled by its grandmother. While they were going down the gangway, the Vallejo gave a warning whistle for the purpose of indicating that she was about to start, and the apron of the slip was lifted about 12 or 18 inches above her deck. Upon reaching the boat, the lady, who was in the lead, stepped aboard, and one of the deck hands assisted the mother of the deceased in getting the baby carriage and its occupant on the boat. The deceased was just behind her mother and had with her the two other children, one on each side of her, and when she attempted to step upon the boat it started, and she and the two children with her fell into the bay. Whether the deceased succeeded in placing her foot upon the deck and was thrown into the bay by the sudden starting of the boat, or whether the boat started as she was in the act of

stepping and caused her foot to miss the deck, does not clearly appear; but I am satisfied that the accident was caused in one or the other of these ways. There was no chain or rope across the gangway leading to the Vallejo, and it does not appear whether the pilot, from his station in the pilot house, on the opposite end of the boat, could see passengers coming on the boat, or whether he depended entirely upon the deck hands to give warning to persons who might attempt to come on board, after the starting whistle was blown.

"It is not necessary, in order to create the relation of carrier and passenger, that the passenger should have actually entered the vehicle, much less that the vehicle should have started on the journey with him. The relation begins as soon as one, intending in good faith to become a passenger, enters in a lawful manner upon the carrier's premises to engage passage; and the carrier's responsibility dates from that time." Shearman & Redfield on Negligence, vol. 2, § 490; Grimes v. Penn. Co. (C. C.) 36 Fed. 72.

This being so, the defendant, upon the facts above stated, owed to the deceased, at the time of the accident which resulted in her death, the duty which a common carrier of passengers owes to the passenger, the duty of exercising the utmost care and skill which a prudent man would have used under the circumstances in order to safeguard her from injury in going upon the boat, as a passenger, and I am entirely satisfied that the defendant, in starting the boat while the deceased was in the act of going on board, failed to exercise such care.

It is claimed, however, by the defendant, that the deceased was herself guilty of contributory negligence; but this contention cannot, in my opinion, be sustained. I think it very satisfactorily appears from the evidence that the deceased, in attempting to get on the boat, was acting upon the implied, if not express, invitation of the deck hand on the Vallejo, and the danger of making the attempt was not so obvious that a person of ordinary prudence would have known that it was not safe to do so, or that the boat would start while she was in the very act of stepping from the slip to the deck. She cannot, therefore, be charged with negligence in what she did.

The deceased was of the age of 31 years, and leaves surviving a husband, between 40 and 50 years of age, and three children, aged, respectively, 2, 4, and 11 years. The libelant, as administrator of the estate, is entitled to recover, for the benefit of the heirs of deceased, such damages as, under all the circumstances of the case, shall appear to be just, and I find the amount of such damages to be the sum of $5,000.

Let a decree be entered in favor of the libelant for that amount and costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes