## CHARLESTON AND WESTERN CAROLINA RAIL-WAY COMPANY v. THOMPSON.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF GEORGIA.

No. 751. Argued April 15, 16, 1914.—Decided June 22, 1914.

Under the free pass provision of the Hepburn Act of June 29, 1906, a free pass issued by a railroad company between interstate points to a member of the family of an employé is gratuitous and not in consideration of services of the employé.

As a pass issued to a member of the family of an employé of a railroad company is free under the provision of the Hepburn Act permitting it to be issued, the stipulations contained in it and on which it is accepted, including one exempting the company from liability in case of injury, are valid.

Quære whether under § 6 of the Act to Regulate Commerce, an interstate carrier can issue a pass in consideration of services.

13 Ga. App. 528, 541, reversed.

THE facts, which involve the liability of a railroad company to a member of the family of an employé traveling on a free pass issued by the company under the free pass provision of the Hepburn Act, are stated in the opinion.

*Mr. F. Barron Grier* and *Mr. W. K. Miller*, with whom *Mr. T. P. Cothran* was on the brief, for plaintiff in error.

*Mr. William H. Fleming* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

The plaintiff, Lizzie Thompson, sued the Railroad Company, the plaintiff in error, to recover for personal injuries inflicted upon her while she was a passenger upon a train that was carrying her from South Carolina to Georgia. The railroad pleaded that she was traveling on a free

pass that exempted the company from liability, the same having been issued to her gratuitously under the Hepburn Act of June 29, 1906, c. 3591, 34 Stat. 584, § 1, as wife of an employé. This plea was struck out subject to the defendant's exception. The defendant also asked for an instruction that if the plaintiff was traveling on a free pass providing that the railroad should not be liable for negligent injury to her person she could not recover. This was refused and was made a ground for a motion for a new trial, referring to the act of Congress. The motion was overruled seemingly on the notion that by the state law the defendant was liable within the conditions of the free pass. The Court of Appeals held such a stipulation binding in a free pass, but held that the Hepburn Act created an exception and that a so-called free pass under that act issued to a member of an employé's family really was not a free pass but was issued upon consideration of the services of the employé. After this writ of error was taken it modified its statement so as to say that the jury might infer that the pass was issued for value. But no such issue was before the jury as the defence had been excluded altogether, and apart from other objections we are of opinion that the change does not help the decision. The railroad company assigns the construction of the Court of Appeals and the two rulings below as error. There is a motion to dismiss but we are of opinion that a question is presented under the act.

The main question is whether when the statute permits the issue of a 'free pass' to its employés and their families it means what it says. The railroad was under no obligation to issue the pass. It may be doubted whether it could have entered into one, for then the services would be the consideration for the duty and the pass and by § 6 it was forbidden to charge 'a greater or less or different compensation' for transportation of passengers from that in its published rates. The antithesis in the statute is

between the reasonable charges to be shown in its schedules and the free passes which it may issue only to those specified in the act. To most of those enumerated the free pass obviously would be gratuitous in the strictest sense, and when all that may receive them are grouped in a single exception we think it plain that the statute contemplates the pass as gratuitous in the same sense to all. It follows, or rather is saying the same thing in other words, that even on the improbable speculation that the possibility of getting an occasional free pass entered into the motives of the employé in working for the road, the law did not contemplate his work as a conventional inducement for the pass but on the contrary contemplated the pass as being what it called itself, free.

As the pass was free under the statute, there is no question of the validity of its stipulations. This was conceded by the Court of Appeals, as we have stated, and is established by the decisions of this court. *Northern Pacific Ry. Co.* v. *Adams,* 192 U. S. 440. *Boering* v. *Chesapeake Beach Ry. Co.,* 193 U. S. 442.

*Judgment reversed.*

By agreement of parties the judgment in No. 752 was to follow the foregoing. *Therefore in No. 752 also the judgment is reversed.*