BERTHA M. MORRIS, APPELLANT, v. WEST JERSEY AND
SEASHORE RAILROAD COMPANY, RESPONDENT.

Submitted March 22, 1915—Decided June 14, 1915.

If a contract between a railroad company and an express company
provides that the latter's messenger shall render service to the
railroad company and in consideration thereof receive a sum of
money and also two passes a month for use of his family, such
a pass is a "free pass" in the sense intended by the Hepburn
act (34 *Stat. at L., p.* 584), and a clause printed on the pass
whereby the passenger undertakes to assume all risks is binding
on the party using it.

On appeal from the Supreme Court.

For the appellant, *John W. Wescott,* attorney-general.

For the respondent, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff, a married woman, was injured
while riding, as she claimed, as a passenger on a train of the
defendant company, and brought suit for damages alleged to
have been caused by its negligence.   There was a verdict di-
rected for the defendant.

The matter of negligence was plainly a jury question, as
the injury was caused by a rear end collision of a following
train while plaintiff's train was at a standstill.   The direc-
tion was upon the ground that plaintiff was riding by virtue
of what was called a "free pass," which contained a stipula-
tion that the person accepting and using it thereby assumes
all risk of accident, &c.   The trial judge directed a verdict
for defendant on the authority of *Kinney* v. *Central Railroad
Co.,* 32 *N. J. L.* 407; affirmed by this court in 34 *Id.* 513.

So far as appeared from the evidence actually received at
the trial, the pass was a gratuity; and the case turns on the
question whether the trial judge committed error in rejecting
evidence which would, if received and believed by the jury,

have established the status of plaintiff as a passenger for hire. If not, the direction was right.

It was claimed that plaintiff's husband was employed by an express company under a contract which apparently contained some stipulation for services to be rendered by the husband to the defendant railroad company. The court overruled a number of questions to him as to his contract of service, which need not be quoted here, because the whole theory of the plaintiff's status as a passenger was summed up in the offer of proof made by her counsel in the course of the testimony, and rejected by the court, which offer was as follows:

"This man says that he had a contract with the express company. The contract required him to work for the defendant in this case and the defendant accepted his services under the terms of that contract. I am going to ask what that contract was again. I am going to say to your Honor that I propose to prove what the terms of that contract were, that he should have so much money, cash and two passes a month for his family and that those passes were part of the consideration of his services, and, therefore, he paid for the passage of his wife on this train. Therefore, she paid for it and therefore the case is perfectly made out. That is what I propose to prove."

Assuming, as we must, that the offer could have been made good, the question is whether the status of plaintiff as a lawful passenger for hire would have been established.

The plaintiff was on her way to Philadelphia, and therefore on an interstate journey. Consequently, her rights must be tested by the federal statutes and decisions in that regard, so far as applicable. The statute applicable is the Hepburn act of 1906. 34 *Stat.*, p. 584 *et seq.; U. S. Comp. Stat.* 1913, §§ 8563, &c. That act forbids the issue of "free passes" to any but certain specified classes of travelers; forbids unauthorized persons to use them; and (*inter alia*) forbids carriers to transport persons unless their rates are published, and not then for any "greater or less or different compensation" than that fixed by such published rates. Section 8563, *pl.* 5; 8569, *pl.* 7.

It is immaterial whether, as counsel proposed to prove, Morris was either to be classed as an employe of the railroad company, in view of that company benefiting by his contract with the express company, or he was not. In either event the pass used by the plaintiff was what the Hepburn act calls a "free pass," notwithstanding that it may have been issued upon consideration of her husband's services; and, consequently, the stipulation against liability was binding. *Charleston, &c., Railway Co.* v. *Thompson,* 234 *U. S.* 576, and cases cited. On this point the decision cited is controlling. The judgment must therefore be affirmed.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—GARRISON, J. 1.