## SPANABLE, Plaintiff-Appellant, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3879. Decided September 23, 1946.

R. N. Larrimer, Columbus, John M. Collins, Columbus, for Plaintiff-Appellant.
Wilson & Rector, Columbus, for Defendant-Appellee.

## OPINION

By MILLER, J.

This is an appeal on questions of law from the Common Pleas Court of Franklin County, Ohio. The action was one for damages for personal injuries, the amended petition alleging that on April 7, 1944, the plaintiff was a passenger on a train being operated by the defendant in and through the state of Ohio; that the train was derailed and as a result thereof plaintiff suffered certain injuries.

In its answer the defendant pleaded the general issue and as a second defense, that the plaintiff, prior to the accident, for a valuable consideration, had executed in writing a full and complete release to the defendant for all claims, demands and causes of action whatsoever on account of the matters set forth in the amended petition.

At the conclusion of the plaintiff's case the defendant's motion for a directed verdict was sustained on the ground that the second defense having been established by the evidence, barred the plaintiff's recovery.

The record discloses that on the date alleged in the amended petition the plaintiff was a passenger on a train being operated by the defendant in this state and that the plaintiff was en route from Dayton to Columbus. While so traveling the locomotive ran into an open switch, derailing the train and causing some injuries to the plaintiff. The plaintiff was riding on a free or gratuitous pass, she being the wife of a New York Central engineer who had applied for and received the pass issued by the defendant under authority of an act of the Congress of the United States known as the Hepburn Act, an amendment to the Interstate Commerce Act. This amendment limited free transportation to certain designated individuals, including members of employees' families. The plaintiff's pass contained the following agreement:

"In consideration of receiving this free pass each of the persons named thereon using the same voluntarily assumes all risk of accidents and expressly agrees that the company shall not be liable under any circumstances whether of negligence of itself, its agents, or otherwise, for any injury to his or her person, or for any loss or injury to his or her property; and that, as for him or her in the use of this pass, he or she will not consider the company as a common carrier or liable to him or her as such. And as a condition precedent to the issuing and use thereof, each of the persons named on the face of this pass states that he or she is not prohibited by law from receiving free transportation, and that the pass will be lawfully used. If presented by any other than the person named thereon the conductor will take up this pass and collect fare. Transferring of a pass by an employee will be cause for dismissal. Holder required to be identified on request of conductor."

Plaintiff executed the above quoted agreement as follows:

"I agree to the above conditions."
                    (Signed) "Mrs. F. E. Spanable."

The signing of this agreement by the plaintiff was witnessed by C. J. Jones, conductor, who also signed it. The pass is in the bill of exceptions as Defendant's Exhibit A.

In the brief the plaintiff urges that she thought she was signing a receipt to show that she had used the pass, that she did not know it was to be considered as a release. However, there is nothing in the record to support this argument. The record shows only that it was stipulated by the plaintiff's attorney that she had signed the release in the presence of the defendant's conductor who also signed the pass, and that the execution of the agreement was prior to the injury complained of.

By agreement of plaintiff's attorney Defendant's Exhibit A, the pass, was introduced in evidence out of order, and thereupon defendant's motion for a directed verdict was submitted to the Court, which motion was sustained, the Court finding that the plaintiff's acceptance of the pass conditions was a complete defense.

The errors assigned all relate to this ruling of the Court.

The question for our consideration, therefore, involves the validity of the agreement entered into by the plaintiff when she accepted and used the gratuitous pass providing for free transportation from Dayton to Columbus, Ohio. It is undisputed that the plaintiff was sui juris and responsible and therefore bound by any contract she might execute.

This question is one of first impression in this state. The plaintiff has made reference to several Ohio cases, none of which is identical to the case at bar. The first is that of **Graham & Co. v Davis & Co., 4 Oh St 362**, which involved the carriage of goods by river steamboat. The Court held that the steamboat company, a common carrier, could limit its liability for loss of goods, arising from causes over which it had no control, by special contract, but not as to losses occasioned by its own negligence. The distinguishing feature between that case and this one is that in the former the carrier was acting as a carrier for hire and the goods were being transported for a valuable consideration. In this case the plaintiff paid no fare, her transportation being purely gratuitous.

The case of **Welch, et al, v Railroad Co., 10 Oh St 65**, involved the carriage of livestock, which was also for a valuable consideration.

The case of **Railroad Company v Curran, 19 Oh St 1**, involved what is known as a "drover's pass." In that case the railroad company made a contract for the shipment of livestock at a specified rate and issued to the shipper a "drover's pass" entitling him to go with his stock and return on a passenger train. The Court held that the contract of transportation of the stock and the pass constituted a single contract and that the holder of the pass was not a gratuitous but a paying passenger. With particular reference to the question

involved in this case the Court in the **Curran case, supra,** said pp 13 and 14:

"Whether the general obligation resting on the company as to the care to be exercised in the management of its trains may be qualified by special contract in cases of gratuitous services rendered in the carriage of a passenger, or of goods, **is a question we are not called on to consider.** * * * **and in respect to which we express no opinion."** (Emphasis ours.)

Counsel also cite the case of the New York Central Railroad Company v Mohney, 252 U. S., 152, affirming a judgment of the Court of Appeals of Ohio. In this case the injured passenger was an **employee** who was traveling on an annual pass. The Court of Appeals held that the pass was issued to Mohney as part consideration of his employment as a matter of fact; therefore, the pass was not free as in the instant case, the plaintiff not being an employee of the defendant.

This precise question, however, has been decided by the Supreme Court of the United States in numerous cases and by the courts of other states. The only argument against the validity of the conditions of a free pass has always been that such an agreement was against public policy. This argument was repudiated by the United States Supreme Court in Northern Pacific Railway Company v Adams, 192 U. S., 440, wherein the Court held:

"When a railroad company gives gratuitously, and a passenger accepts, a pass, the former waives its rights as a common carrier to exact compensation; and, if the pass contains a condition to that effect, the latter assumes the risks of ordinary negligence of the company's employees; the arrangement is one which the parties may make and no public policy is violated thereby."

13 Corpus Juris Secundum, 1191, says:

"By the weight of authority, a stipulation in a free pass exempting a carrier from liability to the passenger for negligence is valid, and this rule applies to interstate free passes; * * * "

Counsel for plaintiff seeks to draw a distinction between the United States Supreme Court decisions and this case in

that in the United States cases the passes were issued for interstate transportation while the plaintiff's pass was for an intrastate ride. Since our own Legislature has never spoken on this subject, we are of the opinion that this distinction is not material. Counsel for the plaintiff also contend that the giving of this pass to the wife of an employee was a part of the salary or wages of said employee. Again the United States Supreme Court in the case of Railway Co. v Thompson, 234 U. S. 576, has spoken. The syllabus is as follows:

"1. Under the free pass provision of the Hepburn Act of June 29, 1906, a free pass issued by a railroad company between interstate points to a member of the family of an employee is gratuitous and not in consideration of services of the employee.

2. As a pass issued to. a member of the family of an employee of a railroad company is free under the provision of the Hepburn Act permitting it to be issued, the stipulations contained in it and on which it is accepted, including one exempting the company from liability in case of injury, are valid."

For other cases upholding the trial Court's ruling that an agreement to waive a claim for injury on the part of the user of a free pass is valid and binding, see the following:

Bush v Bremner, 29 Fed. 2d, 844.
Stevens v Colombian Mail S. S. Corp., 15 Fed. Supp., 534.
Northern Pacific Ry. Co. v Adams, 192 U. S., 440.
Railway Co. v Van Zant, 260 U. S., 459.
10 Amer. Jur., 118 and 119.

The public policy of the State of Ohio, in an inferential way, may be gathered from legislation enacted relative to automobiles. Formerly, if a guest or a free passenger riding in an automobile were injured through the negligence of the owner and driver of the car, the driver of the car was held responsible for his own negligence if it caused an injury to his guest or free passenger. Only recently the General Assembly of Ohio passed what is known as the "Guest Statute" which removes this liability from the operator of the automobile except in cases where the negligence was wilful or wanton. If the State of Ohio does not hold the driver of an automobile responsible for ordinary* negligence to his free passenger, it

422

would not seem reasonable that the public policy of Ohio would be opposed to granting, by contract, the same rights to a railroad company.

We are of opinion that the acceptance of the conditions of the pass by the plaintiff constituted a valid contract with the defendant which relieved the defendant of all responsibility for the injuries suffered by the plaintiff. Railroads may contract as private carriers for the transportation of persons whom they are not bound as common carriers to receive. The test as to whether or not a particular contract is that of the public or private carrier is whether the customer, as one of the general public, had the right to compel the carrier to undertake the transportation. The plaintiff certainly had no such right, and, as to her, the status of the defendant was that of a private carrier. We find no error in the record, and the judgment is affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.