## KETCHUM v. DENVER & RIO GRANDE WESTERN R. CO.

### No. 3843.

United States Court of Appeals
Tenth Circuit.
May 10, 1949.

Edward F. Richards, Salt Lake City, Utah (Harley W. Gustin, Salt Lake City, Utah, on the brief), for appellant.

Grant H. Bagley, Salt Lake City, Utah (W. Q. Van Cott and Dennis McCarthy, Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

Marie M. Ketchum brought this action against Denver and Rio Grande Western Railroad Company[1] to recover damages for personal injuries.

Ketchum is the wife of a retired employee of the Railroad Company. On February 11, 1947, she held a pass theretofore issued to her by the Railroad Company, authorizing her to travel on trains of the Railroad Company, other than certain designated trains, without charge. Ketchum signed the pass immediately below the following provision:

"This Pass accepted by me for use subject to conditions on back."

The reverse side of the pass contained the following condition:

"The user assumes all risk of injury to person and loss or damage to property, whether by negligence or otherwise, and absolves any carrier honoring this pass, as well as its agents or employees, from any liability therefor."

On February 11, 1947, Ketchum entered the Railroad Company's passenger station premises at Helper, Utah, to travel on a train of the Railroad Company from Helper, Utah, to Ogden, Utah. While proceeding along the walkway from the station to the train for the purpose of boarding it, she suffered an accident. A verdict was returned in favor of Ketchum. The trial court entered judgment notwithstanding the verdict on the ground that Ketchum was barred from recovering by

---

[1] Hereinafter called the Railroad Company.

virtue of the provisions of the pass. She has appealed.

The relation of carrier and passenger arises, and the duty of the carrier to the passenger attaches, when the latter enters the station premises for the purpose of boarding a train of the carrier. Such relationship precedes the actual boarding of the train and comes into being when a person, with the consent of the carrier, express or implied, enters the appropriate premises of the Railroad Company with the bona fide intent to avail himself of the transportation facilities which the carrier offers.[2] It follows that the relationship of carrier and passenger existed at the time the accident occurred.

Section 1 of the Act of June 29, 1906, the Hepburn Act, as amended by the Acts of April 13, 1908, and June 18, 1910, 49 U.S.C.A. § 1(7), in part reads as follows:

"No common carrier subject to the provisions of this chapter, shall, directly or indirectly, issue or give any interstate free ticket, free pass, or free transportation for passengers, except to its employees and their families, * * *."

Utah Code, Ann.1943, § 76—3—6(3), enacted in 1917, in part provides:

"(3) No common carrier subject to the provisions of this title shall, directly or indirectly, issue, give or tender any free ticket, free pass or free or reduced-rate transportation for passengers between points within this state, except to its officers, agents, employees, attorneys, physicians and surgeons, and members of their families; * * *."

The language of the Utah statute is so strikingly similar to the Federal statute that there can be no doubt that Utah adopted it from the Federal statute. Prior to such adoption, the Supreme Court of the United States had held that a condition in a pass absolving the carrier from liability for its negligence was valid under § 1(7), supra.[3] It reaffirmed its holding in Kansas City Southern R. Co. v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348, decided in 1923, and Francis v. Southern Pacific Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798, decided in 1948.

A statute adopted from another state will be presumed to have been adopted with the construction placed upon it prior to its adoption by the courts of the state from which it was adopted.[4]

The pass was an interstate pass. Whether the validity of the condition in the pass is to be determined by Federal law, see New York Cent. R. R. Co. v. Mohney, 252 U.S. 152, 40 S.Ct. 287, 64 L.Ed. 502, 9 A.L.R. 496, or by the law of Utah, we hold that such provisions are valid.

Williams v. Oregon Short Line R. Co., 18 Utah 210, 54 P. 991, 72 Am.St.Rep. 777; Houtz v. Union Pacific R. Co., 33 Utah 175, 93 P. 439, 17 L.R.A.,N.S., 628, and Saunders v. Southern Pacific Co., 13 Utah 275, 44 P. 932, are clearly distinguishable. In each of these cases, the court held that under existing facts the injured person was a passenger for hire and was not traveling on a free pass.

The contention that the pass had not been honored by the Railroad Company is without merit. The pass was signed by a duly authorized officer of the Railroad Company. It had been delivered to Ketchum and had been signed and accepted by her; and she was using the transportation facilities of the Railroad Company by virtue of the pass at the time of the accident. The provisions of the pass were then applicable.

Affirmed.

[2] Aschenbrenner v. United States Fidelity & Guaranty Co., 292 U.S. 80, 83, 54 S.Ct. 590, 78 L.Ed. 1137; Kansas City Southern R. Co. v. Willsie, 8 Cir., 224 F. 908, 909-910, and cases there cited; Davis v. Olson, 8 Cir., 298 F. 921, 923; Riley v. Vallejo Ferry Co., D.C.Cal., 173 F. 331, 333; Pere Marquette R. Co. v. Strange, 171 Ind. 160, 84 N.E. 819, 821, 85 N.E. 1026, 20 L.R.A.,N.S., 1041.

[3] Charleston & Western Carolina R. Co. v. Thompson, 234 U.S. 576, 578, 34 S.Ct. 964, 58 L.Ed. 1476.

[4] Norville v. State Tax Commission, 98 Utah 170, 97 P.2d 937, 940, 126 A.L.R. 1318, and cases there cited; Henrietta Mining & Milling Co. v. Gardner, 173 U.S. 123, 130, 19 S.Ct. 327, 43 L.Ed. 637; Hurt v. New York Life Ins. Co., 10 Cir., 53 F.2d 453.