Cynthia L. RICHARDS and Lee H. Richards, Plaintiffs,

v.

ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY, Defendant.

Civ. No. 2–319.

United States District Court
S. D. Iowa, E. D.

Feb. 28, 1964.

Thomas E. Tucker, of Johnson & Phelan, Fort Madison, Iowa, for plaintiffs.

Roy W. Deitchler, of Pollard, Lawse & Deitchler, Fort Madison, Iowa, for defendant.

STEPHENSON, Chief Judge.

This matter is now before the Court on defendant's motion for summary judgment. This cause was removed to this Court on the grounds of diversity pursuant to 28 U.S.C. § 1441.

Plaintiffs, Cynthia L. Richards and Lee H. Richards, wife and husband, bring this action for damages on account of an injury sustained by plaintiff, Cyn-

thia L. Richards, in falling to the ground while said plaintiff was proceeding toward the depot after disembarking from defendant's train during the night of October 30, 1962, at about 3:30 a. m. In Count I, plaintiff, Cynthia Richards, age 73 at the time of the accident, claims permanent injuries as a result of her fall in which she sustained a fractured leg. In Count II, plaintiff, Lee H. Richards, seeks damages on account of loss of consortium. In their original petition, in brief, plaintiffs claim defendant railroad was negligent in failing to (1) maintain the platforms and passageways in a safe condition; (2) to maintain the same free from foreign matter; (3) maintain adequate lighting; (4) render proper assistance to plaintiffs when disembarking considering their age, physical condition, infirmities and the late hour; and (5) in discharging plaintiffs at a place inadequately maintained and in an unsafe condition. Defendant railroad in its answer, in addition to denying it was negligent in any respect, for further defenses alleges that plaintiffs were at the time and place alleged traveling on defendant's railroad and using defendant's facilities under long service annual passes gratuitously issued to both plaintiffs; that the terms and conditions of said passes which plaintiffs accepted included the following:

> "This pass is not transferable. It must be signed in ink by the holder named, who, by accepting it, agrees to assume all risk of accident and damage to person or baggage in any circumstances, whether caused by the negligence of agents or otherwise. The holder agrees not to use this pass in violation of any law, and certifies that he is entitled by law to use it. To be forfeited if presented by any other person."

Plaintiffs in their reply admit they had been issued passes, but deny they were riding on defendant's railroad gratuitously. Thereafter, on December 16, 1963, defendant railroad filed motion for summary judgment pursuant to Rule 56 Federal Rules of Civil Procedure on the grounds that the pleadings together with the depositions of the plaintiff, Cynthia L. Richards and Lee H. Richards, filed with the Court "show that there is no genuine issue as to certain material facts which facts constitute a complete defense on the issue of liability of the defendant and the defendant is entitled to judgment as a matter of law." In an accompanying brief filed herein at said time defendant urged that: (1) the provisions of the free railroad passes issued to plaintiffs are valid, are applicable to plaintiffs' use of defendant's station platform at the time of injury, and constitute a complete defense to plaintiffs' claim; (2) the fact that plaintiffs paid $4.40 for seat reservations does not permit plaintiffs to avoid the provisions of the railroad passes to which they had freely consented; (3) a bar to the cause of action to the wife is a bar also to the cause of action of the husband.

The motion for summary judgment was set for oral argument on January 27, 1964, by which time no brief or written resistance was filed by plaintiffs. During the oral argument before the Court, plaintiffs' counsel for the first time charged the defendant was guilty of gross negligence and of wanton and wilful disregard for the welfare and safety of plaintiffs, as its passengers. Plaintiffs' counsel orally requested leave to amend his petition accordingly and there being no objection by defendant's counsel, leave was granted and plaintiffs' petition was so amended. Leave was also granted plaintiffs to file written resistance and brief in support thereof to defendant's motion for summary judgment. This was done by plaintiffs and defendant filed reply brief thereto.

After examining the pleadings and depositions of the plaintiffs on file herein, the Court makes the findings hereinafter set out. Plaintiffs received and accepted passes containing the provisions assuming the risk of accident as alleged by defendant. The provisions of the free railroad pass absolving defendant from liability for ordinary negligence are valid under federal law and

binding on the parties. Francis v. Southern Pacific R. Co., 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948); Kansas City Southern Ry. Co., v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348 (1923); Charleston & W. C. R. Co. v. Thompson, 234 U.S. 576, 34 S.Ct. 964, 58 L.Ed. 1476 (1914). The assumption of risk includes the use of the passageway and platform used by the plaintiffs in disembarking. Ketchum v. Denver & Rio Grande Western R. Co., 175 F.2d 69 (10 Cir. 1949). The fact that plaintiffs paid $4.40 for seat reservations does not make it other than a gratuitous pass. Braughton v. United Air Lines, 189 F. Supp. 137 (D.C.Mo.1960); Stevens v. Colombian Mail S. S. Corp., 15 F.Supp. 534 (D.C.N.Y.1936). There was no indication that the passes given plaintiffs were other than gratuitous. Cf. Martin v. Greyhound Corporation, 227 F.2d 501 (6 Cir. 1955). Plaintiffs' contention that plaintiffs did actually give compensation for the passes is not sustained by the record before this Court. In fact the contrary is established.

██ There remains plaintiffs' final contention that defendant was guilty of gross negligence and a wilful and wanton disregard for the safety of the plaintiffs. If such were true the defendant would be held liable. New York C. R. Company v. Mohney, 252 U.S. 152, 40 S. Ct. 287, 64 L.Ed. 502 (1919); Martin v. Greyhound Corporation, supra. After examining the depositions of both plaintiffs and considering their testimony in a light most favorable to their contention, the Court finds that at the most, ordinary negligence is all that can be sustained. There is a complete absence of any facts from which gross negligence or wanton and wilful disregard for the safety and welfare of plaintiffs can be established. See Braughton v. United Air Lines, supra, 189 F.Supp. 141–146; Sebastian v. Wood, 246 Iowa 94, 66 N.W. 2d 841 (1954); See also, Recklessness in the Iowa Guest Statute, Vol. 8, Drake Law Review 128. The mere allegation of gross negligence in the amended pleading is not sufficient to raise that as a

genuine issue for trial. Rule 56(e) Federal Rules of Civil Procedure. (See notes of Advisory Committee on this rule as amended).

The motion for summary judgment is sustained against both plaintiffs. Ziegler v. United States Gypsum Company, Inc., 251 Iowa 714, 102 N.W.2d 152 (1960).

Judgment will enter in favor of the defendant at plaintiffs' costs.