[No. 6307.    Decided March 8, 1907.]

## W. E. BRADBURN, *Appellant*, v. WHATCOM COUNTY RAILWAY & LIGHT COMPANY *et al.*, *Respondents*.[1]

CARRIERS—PASSENGERS—FREE PASSES—VIOLATION OF LAW—LIABILITY FOR NEGLIGENCE.  A street railway company is liable for negligence resulting in personal injuries to a policeman while riding on a free pass, issued pursuant to franchises granted by the, city in alleged violation of the constitutional provisions prohibiting any public officer from riding on a free pass; since the carrier is liable to persons accepted for transportation regardless of the legality of the contract of carriage.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered January 23, 1906, upon the complaint and opening statement of counsel, dismissing an action for personal injuries sustained by a policeman in alighting from a street car.    Reversed.

*E. J. Grover*, for appellant, to the point that the company is liable to one riding on a pass, cited: 2 Shearman & Redfield, Negligence (4th ed.), p. 302, §§ 486, 488, 491 ; 6 Cyc. 544 ; *Waterbury v. New York etc. R. Co.*, 17 Fed. 671 ; *Frink v. Schroyer*, 18 Ill. 416 ; *Metropolitan Street R. Co. v. Moore*, 83 Ga. 453, 10 S. E. 730 ; *Rose v. Des Moines Val. R. Co.*, 39 Iowa 246 ; *Doyle v. Fitchburg R. Co.*, 162 Mass. 66, 37

[1]Reported in 88 Pac. 1020.

N. E. 770, 44 Am. St. 335, 25 L. R. A. 157; *Lemon v. Chanslor*, 68 Mo. 340, 30 Am. Rep. 799; 9 Century Digest ch. 908, 910; *Buffalo etc. R. Co. v. O'Hara*, 12 Weekly Notes 473, 3 Penny. 473, 9 Am. & Eng. R. R. Cases 317.

*Newman & Howard*, for respondents, cited, among other cases: *Chicago etc. R. Co. v. Michie*, 83 Ill. 427; *Muehlhausen v. St. Louis R. Co.*, 91 Mo. 332, 2 S. W. 315; *Gulf etc. R. Co. v. Campbell*, 76 Texas 174, 13 S. W. 19; *Union Pac. R. Co. v. Nichols*, 8 Kan. 505, 12 Am. Rep. 475; *Flower v. Pennsylvania R. Co.*, 69 Pa. St. 210, 8 Am. Rep. 251; *Wabash R. Co. v. Kingsley*, 177 Ill. 558, 52 N. E. 931; Hutchinson, Carriers, § 555; Booth, Street Railways, § 365; *Duncan v. Maine Cent. R. Co.*, 113 Fed. 508; *Wallace v. Cannon*, 38 Ga. 199, 95 Am. Dec. 385.

RUDKIN, J.—This is an appeal from a judgment of nonsuit directed upon the complaint and the opening statement of counsel. The facts, so far as deemed material on this appeal, are as follows: The respondent Whatcom County Railway & Light Company was a corporation engaged in the business of operating a street railway in the city of Bellingham, and as such was a common carrier of passengers. The defendant Lewis was a motorman in the employ of the defendant company. Under the terms of the franchises heretofore granted to the company by the cities of Whatcom and Fairhaven, and now in force in the city of Bellingham, the company agreed to carry policemen and certain other officers of the city over its lines, free of charge, while riding on strictly city business. The appellant at the time of receiving the injuries complained of was a policeman in the employ of the city of Bellingham, and as such was riding on one of the company's cars on strictly city business. As he was about to alight from the car, he received certain personal injuries through the alleged negligence of the defendant motorman in charge of the car. This action was

brought to recover damages for the injuries thus received.

The foregoing facts appearing from the complaint and the opening statement of counsel, the respondents moved for a judgment of dismissal upon the grounds: (1) That the complaint did not state facts sufficient to constitute a cause of action; and (2) that it affirmatively appeared that the appellant was being carried, at the time of receiving the injuries complained of, by virtue of an illegal contract. In support of this motion and the ruling of the court granting the same, the respondents cite § 39 of article 2, and § 20 of article 12, of the state constitution which are as follows:

"Section 39. Free Transportation To Public Officers Prohibited.—It shall not be lawful for any person holding public office in this state to accept or use a pass or to purchase transportation from any railroad or other corporation, other than as the same may be purchased by the general public, and the legislature shall pass laws to enforce this provision."

"Section 20.—Prohibition Against Free Transportation For Public Officers.—No railroad or other transportation company shall grant free passes, or sell tickets or passes at a discount, other than as sold to the public generally, to any member of the legislature, or to any person holding any public office within this state. The legislature shall pass laws to carry this provision into effect."

and contend (1) that a policeman is an officer within the purview of these constitutional provisions; (2) that the provisions of the municipal ordinances are violative of both the letter and the spirit of the constitution, and contravene public policy; (3) that the respondents are not estopped to urge the invalidity of the ordinances; and (4) that the constitutional provisions quoted are self-executing. In answer to this the appellant contends, among other things, that inasmuch as he was accepted as a passenger under and by virtue of the ordinances, it is immaterial whether the ordinances are valid or invalid. In view of the conclusion we have reached on this last proposition we deem it unnecessary

to consider or decide the other questions discussed. The right of a passenger to maintain an action to recover damages for injuries received through the negligence of the carrier does not depend upon the existence of a valid contract for carriage. He may doubtless maintain an action *ex contractu* for breach of the contract to carry safely, but he may also maintain an action *ex delicto* for the breach of duty. Hutchinson, Carriers (2d ed.), § 790.

"It is enough that the person is being lawfully carried as a passenger to entitle him to all the care which the law requires of the passenger carrier; and the same vigilance and circumspection must be exercised to guard him against injury when he is carried gratuitously, as upon what is known as a free pass, or by the carrier's invitation, as when he pays the usual fare. The leading case upon this point is that of *The Philadelphia & Reading Railroad Company v. Derby*, in which it appeared that the president of one railroad company had invited that of another to take a ride upon the road of the former. This invitation was accepted, and, during the ride, the invited president was injured by a collision upon the road, caused by the negligence of its agents, for which he sued the road. It was urged, on behalf of the defendant road, that no damages could be recovered for an unintentional injury by one who was, at the time, merely partaking of the hospitality of the defendant, and with whom there was no contract, either express or implied. But this defense was not sustained by the court, and it was held that the plaintiff, having been lawfully on the road at the time of the collision, none of the antecedent circumstances or accidents of his situation could affect his right to recover; and it was said that, independently of the question of contract, the defendant was under an obligation of duty to carry the plaintiff safely. This duty, it was said, does not result alone from the consideration paid for the service. It is imposed by the law, even where the service is gratuitous. The confidence induced by undertaking any service for another is a sufficient legal consideration to create a duty in the performance of it." Hutchinson, Carriers, § 566.

"The carrier is liable to persons whom it accepts for transportation over its line, and from whom it demands no fare,

to the same extent that it is liable to passengers who pay fare. A person riding on a free pass is as much a passenger as if he were paying full fare, and if the pass is given for a valuable consideration he is a passenger for hire. The fact that the carrier is prohibited by law from issuing free passes does not render a person a trespasser who travels upon such a pass unlawfully issued to him. If the pass is unlawful, the conductor should demand the regular fare, and his failure to do so will not make the traveler a trespasser, nor destroy his rights as a passenger." 5 Am. & Eng. Ency. Law (2d ed.), pp. 507, 508.

The foregoing statement of the rule is fully supported by the authorities. Thus, in *Buffalo etc. R. Co. v. O'Hara,* 9 Am. & Eng. R. R. Cases 317 (12 Weekly Notes 473, 3 Penny. 473), the plaintiff was injured while riding on a pass issued in violation of the constitution of the state of Pennsylvania. This fact was urged as a defense. The trial court charged the jury as follows:

"The defendant claims that the plaintiff cannot maintain this suit because she was not an employee of the defendant, and was traveling on a free pass issued in violation of law. We say to you that this is not a defense. Even if we adopt the presumption that Mrs. O'Hara was bound to know the law, she held a free pass signed by the superintendent of the road, countersigned by the foreman of the track section. The conductor of the train, whose peculiar duty is to determine the right of a passenger on his train, recognized her right to a seat under the pass, and having done so, it is not for the defendant to urge that the pass was issued in violation of the law."

In affirming judgment in favor of the plaintiff the appellate court said: "If the free pass in this case was unlawful, the conductor should have demanded the regular fares, and his not doing so did not make O'Hara and his wife trespassers or destroy their rights as passengers." The respondents do not controvert the correctness of this rule of law, but maintain that the case was tried on a different theory in the court below, and should be tried on the same theory in this court. The theory upon which the case was tried

below seems to have been the theory advanced by the respondents rather than by the appellant. They contended that the ordinances under which the appellant was being carried, free of charge, at the time of receiving his injuries, were null and void, and that by reason of their invalidity the appellant could not recover, and the court so ruled. For reasons already stated this ruling was erroneous, and the respondents cannot avoid its effect by reference to any theories that may have been advanced or acted upon in the court below.

The judgment is reversed and the cause remanded for a new trial.

HADLEY, C. J., FULLERTON, MOUNT, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.