[No. 7473.   Decided March 27, 1909.]

OTTO HARRIS, *by his Guardian Ad Litem, Annie Harris,*
*Respondent,* v. PUGET SOUND ELECTRIC
RAILWAY, *Appellant.*[1]

CARRIERS—PASSENGERS—EMPLOYEE RIDING ON PASS—EMPLOYMENT —QUESTION FOR JURY. In an action for injuries sustained by the son of the foreman of a bonder gang, riding to his work upon a pass granting transportation to the foreman and five employees, there is sufficient evidence to go to the jury on the question whether the foreman was authorized to employ the son, under a contract to pay $1.50 a day and furnish transportation, where the boy testified that such was the contract and the pass showed on its face authority to carry other employees.

SAME—WHO ARE PASSENGERS—BURDEN OF PROOF. Where an employee is rightfully on a train as a passenger, he is entitled to be carried as such unless the waiver of his rights is shown.

Appeal from a judgment of the superior court for King county, Tallman, J., entered January 25, 1908, upon the verdict of a jury rendered in favor of the plaintiff, in an action by an employee for injuries sustained in a railway collision.   Affirmed.

*James B. Howe* and *Hugh A. Tait,* for appellant.

*Blaine, Tucker & Hyland* and *Robert C. Saunders,* for respondent.

MOUNT, J.—This action was brought to recover for personal injuries received by Otto Harris, in the same collision in which his father was killed, as stated in *Harris v. Puget Sound Elec. R., ante* p. 289, 100 Pac. 838.   The case was tried to the court and a jury, resulting in a judgment in favor of respondent for $2,000.   The defendant appeals.

The same points are presented in this case as were presented in that case.   The decision in that case controls this. The further point is made in this case, however, that there

[1]Reported in 100 Pac. 841.

is no evidence to show that the father was authorized to employ his son under an agreement to pay $1.50 per day and furnish transportation upon the appellant's trains to and from his work. The boy testified that such was the contract. The pass itself shows upon its face that the father was authorized to carry other employees with him. We think this is sufficient to go to the jury upon the question of authority. But further than this, the boy was rightfully upon the train as a passenger, and was entitled to be carried as such (*Bradburn v. Whatcom County R. & L. Co.*, 45 Wash. 582, 88 Pac. 1020), unless it was shown by the appellant that he had waived his rights as a passenger. It was not so shown. There is no error in the record, and the judgment must therefore be affirmed.

RUDKIN, C. J., CROW, FULLERTON, GOSE, and DUNBAR, JJ., concur.