## AMERICAN FIDELITY & CASUALTY CO., Inc., v. BAILEY et al.

### No. 3814.

Circuit Court of Appeals, Fourth Circuit.

April 10, 1935.

R. E. O'Connor, of Charleston, W. Va., and Thomas B. Gay, of Richmond, Va. (D. H. Hill Arnold, of Elkins, W. Va., on the brief), for appellant.

E. Bailey Wyckoff, of Grafton, W. Va. (O. E. Wyckoff, of Grafton, W. Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and WAY, District Judge.

PARKER, Circuit Judge.

Plaintiff was injured in the year 1928 while riding in a passenger bus operated by the Bartlett Bros. Bus Company. She brought suit against the bus company for damages in the circuit court of Taylor county, W. Va., and secured a judgment for the sum of $12,500, notwithstanding a plea by the company that she was a gratuitous passenger riding on a pass which precluded the holder from recovering from the company on account of injuries. This judgment was affirmed by the Supreme Court of Appeals of West Virginia in Bailey v. Bartlett, 112 W. Va. 27, 163 S. E. 615. Plaintiff, being unable to collect the judgment on account of the insolvency of the bus company, brought this suit against the company and the American Fidelity & Casualty Company, the carrier of its liability insurance, to recover under the insurance policy which provides for recovery by the person injured in cases where the insured is insolvent. The insurance company, which had defended the original suit in behalf of the bus company, filed answer in this suit again setting up that plaintiff was riding upon a pass at the time

of her injuries and was not entitled to recover for that reason. The District Court sustained a motion to strike this allegation from the answer and rendered judgment on the pleadings against the insurance company for the amount of its liability under the policy, viz., $5,000, with interest and cost, or a total of $6,253.35. From this judgment the insurance company has appealed.

The insurance company contends that its policy does not cover the claim of plaintiff, as she was a gratuitous passenger riding upon a pass. The argument is that the policy was issued to cover the motor vehicle of the bus company only when used for the transportation of passengers for compensation, and therefore does not insure against injury to a nonpaying passenger. An additional contention is that the granting of a free pass to a person not an employee was a violation of chapter 150, section 6, of the West Virginia Code of 1923, and constituted a fraud on the company which would avoid the policy under condition K thereof, which is as follows: "K. This policy shall be void if the assured or his agent has concealed or misrepresented in writing or otherwise any material fact or circumstances concerning this insurance or the subject thereof or if the assured or his agent shall make any attempt to defraud the Company, either before or after the loss or if the assured shall have incurred any loss, during any breach of the statements expressed in the schedule, and/or any violation of the conditions of the policy."

There is nothing in either of the contentions of plaintiff. That the carrying of a passenger on a free pass is not a fraud on the insurance company within the meaning of the condition of the policy which we have quoted, is too clear for argument. And we think it equally clear that the policy covers liability of the bus company to a passenger riding on a pass as well as to other persons injured by its negligence. It is not the fact that a particular passenger pays compensation that fixes liability under the policy, but the fact that the bus is one operated by the bus company for compensation. When it is so operated, any liability of the company (except liability to employees, which is expressly excepted) for damages to person or property "by reason of the ownership, maintenance, or use" of such vehicle is covered by the policy. A statute of West Virginia requires that, as a prerequisite to the granting of a license for the operation of a vehicle of this character, bond or liability insurance shall be required which shall bind the obligors "to make compensation for injury to persons and loss of or damage to property resulting from the operation of such motor vehicles." Code of W. Va., ch. 17, art. 6, § 6. The policy here sued on was issued pursuant to the requirement of this statute, and bears the following indorsement: "The purpose of this endorsement is to make certain during the term of the policy to which this endorsement is attached the liability of the company for any injury to person or damage to property as a result of the operation of motor vehicles for the transportation of passengers for compensation, and shall be construed in accordance with the provision of law enacted by the Legislature of West Virginia, requiring insurance or bond covering such operation, and of the rules and regulations regularly adopted by the state road commission of West Virginia."

Appellee has made a motion under paragraph 2 of rule 30 of this court that we assess damages against appellant on the ground that the appeal has been prosecuted merely for purposes of delay. While we think that the questions raised by the appeal are without substantial merit, we do not think that we would be justified in holding that the appeal has been sued out merely for delay, and, in view of the fact that much of the delay arising from the appeal might have been avoided by diligence on the part of the appellee, we feel that any assessment of damages under the rule would not be warranted in any event. We feel that we should say, however, that in our opinion there has been too much delay in the handling of this case. The fact that seven years have now elapsed since plaintiff's injury, and that plaintiff has not yet received the damages which the statute of West Virginia was intended to assure her, is a circumstance which speaks for itself. That further delay may be obviated, we shall shorten to fifteen days the time allowed for issuance of mandate herein, and shall not extend the time unless application for certiorari is made to the Supreme Court within that period, to the end that, if stay of mandate is desired pending application for certiorari, petition for certiorari will necessarily be presented to the Supreme Court in time for that court to give consideration thereto before the adjournment of the present term.

Affirmed.