## ALDERMAN v. BALTIMORE & OHIO R. CO.

No. 1392.

United States District Court
S. D. West Virginia, Charleston Division.
July 31, 1953.

882

William L. Jacobs and William Bruce Hoff, Parkersburg, W. Va., for plaintiff.

Steptoe & Johnson, Charleston, W. Va. (Stanley C. Morris, W. F. Wunschel and E. Lloyd Leckie, Charleston, W. Va.), for defendant.

MOORE, Chief Judge.

Plaintiff, a citizen of West Virginia, brings this action against defendant, a Maryland corporation, to recover for personal injuries sustained by her as a result of the derailment of one of defendant's trains near Adrian, West Virginia, on February 14, 1952.

Plaintiff was not a fare-paying passenger. She was traveling on a trip pass, which afforded her free transportation from Flatwoods, West Virginia, to Morgantown, West Virginia, and return. The following conditions were printed on the pass: "In consideration of the issuance of this free pass, I hereby assume all risk of personal injury and loss of or of damage to property from whatever causes arising, and release the company from liability therefor, and I hereby declare that I am not prohibited by law from receiving free transportation and that this pass will be lawfully used."

Plaintiff in her original complaint charged defendant with negligence in the maintenance of its tracks and the operation of its train. After a pre-trial conference, at which the legal effect of the release from liability contained in the pass was discussed, plaintiff filed an amended complaint charging defendant with wilful or wanton conduct.

On the basis of the amended pleadings and supporting affidavits filed by defendant, defendant moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that there was no genuine issue as to any material fact, and that plaintiff failed to state a case of wilful or wanton conduct.

It is undisputed that the derailment was caused by a break in one of the rails as the train was passing over the track. It is also shown by defendant's affidavits, and not denied, that the break in the rail was due to a transverse fissure inside the cap of the rail, which broke vertically under the weight of the train; that such a fissure is not visible upon inspection; that such defects occur in both new and old rails; and that a visual inspection was in fact made of this particular rail the day preceding the accident and the defect not discovered.

■ Since plaintiff was an intrastate passenger, and since the accident occurred in West Virginia, the law of West Virginia governs both the effect to be given to the release and the degree of care which defendant owed plaintiff. New York Central Railroad Co. v. Mohney, 252 U.S. 152, 40 S.Ct. 287, 64 L.Ed. 502.

■ In West Virginia it is firmly established that a common carrier for hire owes its passengers the highest degree of care compatible with practical operation of the vehicle, and that it may incur liability for the slightest negligence. Laphew v. Consolidated Bus Lines, 133 W.Va. 291, 55 S. E.2d 881; Isabella v. West Virginia Transportation Co., 132 W.Va. 85, 51 S.E.2d 318; Adkins v. Raleigh Transit Company, Inc., 127 W.Va. 131, 31 S.E.2d 775.

However, counsel have been unable to direct the Court's attention to, and the Court has not found, any West Virginia decision

which has determined the effect which a release from liability contained in a pass has upon the carrier's duty to the holder of such a pass. In the cases of Harris v. City & Elm Grove Railroad Co., 69 W.Va. 65, 70 S.E. 859, 50 L.R.A.,N.S., 706, and Bailey v. Bartlett, 112 W.Va. 27, 163 S.E. 615, 616, the court indicates that such a release would be valid, at least to a limited extent. In the Bartlett case the Court said: "The law seems to be well established that the same degree of care that is owed to a passenger for hire is owed to one who is carried gratuitously, *in the absence of any condition or stipulation on the part of the latter as to assumption of risk.*" (Emphasis supplied.)

■ Since the Federal statute and the West Virginia statute authorizing the issuance of free passes are similar, 49 U.S. C.A. § 1(7), and W.Va.Code, Ch. 24, Art. 3, § 4, it is pertinent to examine the United States Supreme Court decisions construing the Federal statute. The Supreme Court has held that a carrier may contract against liability for negligent injury to one who accepts a free pass, Francis v. Southern Pacific Co., 333 U.S. 445, 68 S.Ct. 611, 92 L. Ed. 798; Charleston & Western Carolina Railway Co. v. Thompson, 234 U.S. 576, 34 S.Ct. 964, 58 L.Ed. 1476; Northern Pacific Railway Co. v. Adams, 192 U.S. 440, 24 S. Ct. 408, 48 L.Ed. 513; but that for reasons of public policy it cannot relieve itself of liability for wilful or wanton acts. New York Central Railroad Co. v. Mohney, supra.

■ I am therefore of opinion that the sole duty imposed upon defendant under the facts of this case was to refrain from wilfully or wantonly injuring plaintiff.

■ In Kelly v. Checker White Cab, Inc., 131 W.Va. 816 at page 822; 50 S.E.2d 888 at page 892, the West Virginia court, quoting from 29 Cyc. 510 said: " ' "In order that one may be held guilty of wilful or wanton conduct, it must be shown that he was conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act

or omitted some known duty which produced the injurious result." ' " See also Stone v. Rudolph, 127 W.Va. 335, 32 S.E. 2d 742.

■ The substance of plaintiff's contention that defendant wilfully injured her is that defendant used old and obsolescent rails in its tracks, knowing that the use of these rails made derailments reasonably probable. It is charged that defendant used old rails because the cost of derailments was less than the cost of replacing the old rails, and that for this reason defendant was willing to take the risk of derailments.

I am of opinion that the complaint fails to state sufficient facts to substantiate a charge of wilfulness, as that term is defined by the West Virginia court. It is clear that plaintiff has stated a charge of negligence; but that is not the test in this case. To establish wilfulness it would be necessary to charge that defendant knew of this particular defect in the rail; that the defect would probably result in a break in the rail if the train were run over it, causing a derailment of the train; and that defendant, with this knowledge of existing conditions, and the likelihood or probability of an injury resulting from its conduct, intentionally drove its train over the defective rail with an indifference to the consequences. The undenied affidavits of defendant show clearly that plaintiff cannot establish these facts.

■ At the hearing of this motion, counsel for plaintiff moved for a continuance of the hearing to enable him to substantiate a newspaper report to the effect that defendant was using old and obsolescent rails in its tracks because the cost of derailments was cheaper than the cost of replacing the rails. The motion was denied since this contention, even if it were true, merely has a bearing on an issue of negligence, and not upon the question of wilful conduct. Plaintiff does not contend that she can establish that defendant knew of the particular defect in the rail that caused the derailment.

For the reasons stated above, defendant's motion for summary judgment will be sustained. An appropriate order may be entered.