Plaintiff was an employee of defendant engaged in interstate commerce. In an action instituted under the Federal Employers' Liability Act, he recovered judgment for personal injuries. It has been reversed as matter of law and the complaint dismissed. The majority of the Appellate Division held that defendant did not fail in its duty to protect him and that, moreover, at the time of his injury he had deviated from his employment. We are unable to accept either theory.
After the close of working hours, plaintiff was given free transportation by defendant to the station nearest his home. The train consisted of seven or eight cars. He occupied the last seat in the car next to the rear. From conflicting evidence, the jury could find that this car was crowded. It stopped on a trestle some distance south of the station. The station platform was located on the right side of the train, north of the car occupied by plaintiff, and separated from it by two main line tracks. Exit from the rear of plaintiff's car was obstructed on the right by a steel girder which contributed to the support of the trestle. The forward end of the car extended a few feet north of and free from this obstruction. Plaintiff, testifying that he feared that the train would start before he could traverse the length of the car and emerge from the forward end and that he discovered *Page 300 
that his exit from the rear end on the right was blocked by the girder, descended from the rear end on the left, alighted upon planks forming part of the trestle's deck and, breaking through them, fell to the street and sustained serious injuries.
Defendant was bound to provide a way of exit from the car which, as matter of fact, its employees would be able safely to use. If, as the jury must be presumed to have found, the station platform could be reached by plaintiff only at his risk of remaining on a train which might start before he could alight from the forward end, and even then necessarily by crossing two other tracks, such a way could not be said, as matter of law, to conform with the full measure of duty which defendant owed. An obligation is imposed to arrange some mode of egress reasonably safe and not unreasonably inconvenient. Access to the street by way of the station from plaintiff's car will not be held, as matter of law, to have been either safe or reasonably convenient. The trestle proved, as matter of fact, to be dangerous. No third way existed. The question of fact cannot be excluded from the case whether under the circumstances defendant was negligent in its maintenance of a structure in such a state as to enable it reasonably to foresee danger to those passengers and employees who, the jury could find, not infrequently used it for want of a better passage. The evidence warrants the finding that plaintiff assumed no risk known to him nor one so obvious that he should have been aware of it and that his use of the trestle as a connecting passage to the street would have been safe except for the presence of defective planks. Plaintiff having assumed no known risk and defendant having negligently maintained its structure, he is entitled, under this statute, whether negligent or otherwise, to recover in some amount by way of apportionment of damage, unless his means of exit constitutes a deviation from his employment. *Page 301 
He had not severed his employment with defendant. He was yet on his employer's premises, the relation of master and servant continued to exist and he was still engaged in discharging a duty of his employment. (Erie R.R. Co. v. Winfield, 244 U.S. 170,173; Knowles v. N.Y., N.H. H.R.R. Co., 223 N.Y. 513.) If the master had set aside a determinate path or overhead bridge or other safe way and the servant had ignored it and selected a dangerous way, he might be held to have been engaged in his private concerns and to have lost his status as an employee in interstate commerce. (Krysiak v. Penn. R.R. Co., 270 Fed. Rep. 758.) The facts which the jury found in this case bring it within the principle of Pallocco v. Lehigh Valley R.R. Co.
(236 N.Y. 110, 114). These facts also especially distinguish it from the actual decision in the Krysiak case and render the caution there delivered at page 760 directly applicable: "We are particular to note just here that we are not passing on a case where an employe, leaving employment in interstate commerce, selects one of several more or less dangerous means of exit from his place of employment because his employer had provided him no safe means." The state of facts which the court found not present in that case is the finding by the jury in the one before us. If, as matter of fact, plaintiff could not safely alight from the right side of the train, he did not, as matter of law, deviate from his employment when he made his exit on the left.
The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.
POUND, CRANE, KELLOGG and HUBBS, JJ., concur; CARDOZO, Ch. J., and LEHMAN, J., dissent.
Judgment accordingly. *Page 302