Samuel C. Coleman, J.
It is unnecessary to pass upon the merits of the plaintiff’s claim, although it does seem dubious. For the pass upon which the plaintiff was traveling with the members of her family (in interstate carriage) precludes a recovery, the pass having been received with knowledge that it contained a provision exempting the railroad from liability for negligence. The pass had been issued by the defendant Lehigh Valley Railroad Company to the plaintiff and her husband by virtue of the latter’s employment by the Pennsylvania Railroad Co.
The fact that passes to employees are issued almost as a matter of course (within limitations) and that railroads have agreed upon a practice of issuing passes to one another’s employees — again within limitations particularly as to the *947 number of passes permitted in one year, did not make the pass any the less free than were the passes in Francis v. Southern Pacific Co. (333 U. S. 445); Kansas City Southern Ry. Co. v. Van Zant (260 U. S. 459); Charleston & Western Carolina Ry. Co. v. Thompson (234 U. S. 576); Northern Pacific Ry. Co. v. Adams (192 U. S. 440) where exemption from liability was decreed.
Passes may be more commonly granted than they were a generation ago, but it is still the case that neither railroad— the employer of the plaintiff’s husband nor the defendant was under an obligation to issue the pass. The language of the report of the Emergency Board (May 15, 1954) appointed by the President to investigate disputes between certain carriers and certain employees’ organizations is appropriate: “The Board doubts if free transportation comes within the language of the Railway Labor Act relating to ‘ rates of pay, rules and working conditions. ’ It is also of the belief that, on the merits, this subject should not be required to be the subject of collective bargaining. It is a gratuity except when directly related to the employees’ services and as such should be left under the control of the Carriers ” (p. 50).
And when dealing with a pass issued by a railroad, not to its own employee (or member of his family) but to an employee (or member of his family) of another railroad, having in mind that the issuance of such passes is severely restricted in frequency, the views of Mr. Justice Holmes in Charleston & Western Carolina Ry. Co. (234 U. S. 576, 578, supra) are especially applicable: “ It follows, or rather is saying the same thing in other words, that even on the improbable speculation that the possibility of getting an occasional free pass entered into the motives of the employee in working for the road, the law did not contemplate his work as a conventional inducement for the pass but on the contrary contemplated the pas® as being what it called itself, free.”
In Martin v. Greyhound Corp. (227 F. 2d 501) “ free passes ” were made part of a collective bargaining agreement, and did become a term of the employment, the carrier was under an obligation to issue passes and the court held the pass in question not to be “ free ” and the exemption clause consequently invalid.
The attorney for the plaintiffs conceded that if the wife could not recover neither could the husband. The complaint is dismissed.