Thomas C. Chimera, J.
Plaintiff moves for dismissal of the first separate defense upon the ground that it does not state a legal defense. Plaintiff, an employee of the defendant, sustained injuries while on the defendant’s property and has brought this action in negligence to recover the damage sustained. The defense is to the effect that plaintiff was traveling upon a free pass voluntarily issued and containing thereon an agreed release and exemption from liability.
It is well established that a common carrier may limit its liability in connection with the issuance of a free ticket. Defend *849 ant urges that it has been its practice to issue passes to its employees subject to conditions thereon contained, including release and convenant not to sue. In this instance, the collective bargaining agreement between the defendant and the union, of which plaintiff was a member, provided for the issuance of passes to the union members in accordance with defendant’s customary practice with respect thereto. Nevertheless, it is also settled law that when such pass is issued in pursuance of a labor-management contract, its voluntary nature is lost, as well as the power to limit liability in the manner here attempted. The pass is no longer free, but a consideration of the contract (Martin v. Greyhound Corp., 227 F. 2d 501; McDougall v. Lehigh Val. R. R. Co., 21 Misc 2d 946). In the latter case, the court stated (p. 947): “ In Martin v. Greyhound Corp. (227 F. 2d 501) ‘ free passes ’ were made part of a collective bargaining agreement, and did become a term of the employment, the carrier was under an obligation to issue passes and the court held the pass in question not to be ‘free’ and exemption clause consequently invalid.” The motion is granted and the first defense is dismissed.