■ MARILYN B. REAGAN, Respondent, v. SARATOGA HOTEL CORPORATION, Appellant.— Judgment unanimously reversed, on the law and the facts, and the complaint dismissed, with $50 costs to the appellant. In this personal injury action plaintiff, a guest of the defendant hotel, was a member of a ski party visiting the said hotel for the week end. She was assigned a third-floor room. She alleged that she fell over a banister and was precipitated three floors down a stairwell. The pleadings ascribe poor lighting, "uneven, crumpled" carpeting and a hazardously low banister on the stairway as the cause of the accident. Plaintiff testified at the trial that as she ascended the stairs the rug slipped from under her foot and she lost her balance. This statement was uncorroborated. There was testimony by the manager of the hotel that the carpet was worn but not in need of replacement or repair. No complaints had been received of any worn or loose condition of the carpet or of insufficient lighting on the stairway. Nor was there any evidence as to how long the condition complained of had previously existed, or any testimony of prior accidents. There was testimony that the plaintiff, on the evening of the accident, expressed a desire on at least two occasions to slide down the banister. There was eyewitness testimony that the accident occurred while plaintiff was sliding down the banister between the second and third floors. The plaintiff failed to prove any actionable negligence against the defendant. The theory of liability based upon a loose rug combined with dim lighting and a low banister was insufficient to sustain a cause of action. There was no proof whatsoever of actual or constructive notice of any looseness of or defect in the carpet. (*Weingard* v. *Putnam Theatrical Corp.*, 225 App. Div. 808.) There was no evidence that the low banister was improperly constructed or maintained. (*Holder* v. *City of Yonkers*, 281 App. Div. 975.) Lastly, there was no causal relationship shown between the allegedly dim lighting and the happening of the accident. (*Ratyca* v. *Roosevelt Hotel*, 70 N. Y. S. 2d 908.) While not dispositive of this appeal, we find in any event that the verdict was contrary to the weight of the credible evidence. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ CLARENCE J. WARNER, Respondent, v. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Order, entered on May 19, 1964, unanimously reversed, on the law, and the first, separate and complete defense reinstated, with $30 costs and disbursements to the appellant. In reinstating the defense of release we do not reach or pass upon the merits of such defense. We say only, in the posture of the pleading on the record before us, we cannot conclude as a matter of law the inclusion of the pass provision in the bargaining contract with the plaintiff's union represents a part of the defendant's obligation for services rendered or to be rendered by plaintiff and could not be considered a possible gratuity. The nature of the pass and the scope of employment with respect to the pass and the injury complained of, as indicated by the pleadings, raise triable factual issues. Concur — Rabin, J. P., Valente, McNally, Stevens and Steuer, JJ. [43 Misc 2d 848.]