CLARENCE J. WARNER, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

First Department, June 9, 1970.

*Jerome H. Shapiro* of counsel (*Edward J. Murphy* with him on the brief; *Thomas J. Smith,* attorney), for appellant.

*Ira Gammerman* of counsel (*Melvin A. Cohen* with him on the brief; *Bromsen & Gammerman,* attorneys), for respondent.

McNALLY, J. Plaintiff has had a recovery under the Federal Employers' Liability Act (U. S. Code, tit. 45, § 51 *et seq.*) for personal injuries in the sum of $35,200.

In our opinion, the plaintiff's presence on the premises was not a necessary incident to the discharge of the duties of his employment.

This case has been before us on a previous appeal involving the pleadings rather than the merits. Defendant pleaded as a defense to plaintiff's claim a release contained in plaintiff's railroad pass. The defense was stricken at Special Term (43

Misc 2d 848). On appeal we reversed on the ground there were factual issues as to the validity of the pass (23 A D 2d 642).

The record on appeal discloses that the complaint is broad enough to encompass an action at common law and under the Federal Employers' Liability Act. A plaintiff's right of action under the Federal Employers' Liability Act supersedes any right of action he might have at common law. Provisions of the pass purporting to absolve the defendant for liability for negligence are of no effect by reason of section 55 of the act.

Plaintiff proceeded to trial on the theory he was entitled to recover under the Federal Employers' Liability Act and the Trial Judge so ruled. This we conclude was error. No proof was offered with reference to the pass.

It appears from the record the plaintiff, an employee of defendant, on February 16, 1963, after completion of his work at Grand Central Terminal in New York City, voluntarily embarked on one of the defendant's trains destined for the 125th Street station of the defendant in order to reach his home at 126th Street and Lenox Avenue. Plaintiff was under no restrictions relative to his means of transportation from the place of his employment to his home and when the weather was inclement did proceed by subway to the west side and then to 125th and Lenox Avenue, which was nearer to his home than defendant's 125th Street station at Park Avenue. Plaintiff sustained the injuries for which he has recovered the judgment herein as a result of a fall while descending a stairway of the defendant's 125th Street station, in the course of which he slipped because of icy steps. On this record we conclude there was absent the employee relationship at the time of the occurrence and, therefore, the Federal Employers' Liability Act is inapplicable. (*Sassaman* v. *Pennsylvania R. R. Co.*, 144 F. 2d 950; *Metropolitan Coal Co.* v. *Johnson*, 265 F. 2d 173.) These cases hold the employee's presence on the premises must be a necessary incident to the discharge of the duties of his employment. The court stated in *Sassaman* (*supra*, p. 952): "in order for an injured employee to be able to claim a right of action under the Federal Employers' Liability Act, it must be made to appear that his injuries were sustained either upon the premises where he normally perfomed the duties of his employment or upon premises so closely adjacent thereto as to be part of the working premises in the sense that the employee was required to traverse them in going to or upon leaving his work."

Again, in *Metropolitan* (*supra*, p. 178) we find the following language: "We would like to emphasize two matters, however, which we think are important in deciding the question before us. The first of these is that although the plaintiff was on the carrier's premises when he was injured, he was not on a part of the premises which it was necessary for him to use to reach his work. He was not required to go to work on the defendant's passenger train. He could have taken any one of a number of other routes, trains or means of transportation to go from his home to his work."

Plaintiff's reliance on *Hendricks* v. *New York, New Haven & Hartford R. R. Co.* (251 N. Y. 297) is misplaced. Resort must be had to the record on appeal in *Hendricks* to appreciate the rationale of the holding. The record in *Hendricks* establishes the plaintiff was being transported with fellow employees from their work site to stations near their respective homes in a train provided by defendant and occupied solely by its employees; in other words, a work train. The train was crowded; all the men on it were railroad workers; the train was put on for the purpose of carrying employees from New Haven to Cedar Hills, Connecticut. Prior to being transported, the workmen had been engaged in cutting down a bank and loading dirt into dump cars. Hendricks was employed by the railroad as a flagman. The Court of Appeals holding was based on the fact that Hendricks "was still engaged in discharging a duty of his employment" (251 N. Y., at p. 301). In the instant case, the plaintiff voluntarily selected the route and means of transportation, became a passenger of the defendant and ceased to be its employee. Also inapplicable are those cases which pertain to occurrences in the act of leaving the employer's premises (*Erie R. R. Co.* v. *Winfield*, 244 U. S. 170; *Powers* v. *New York Cent. R. R. Co.*, 251 F. 2d 813) for here the plaintiff had definitely departed from the site of his employment.

Accordingly, the judgment should be reversed, on the law, and the complaint dismissed, without costs, without prejudice to the prosecution of a common-law action (CPLR 205).

STEVENS, P. J., EAGER, STEUER and TILZER, JJ., concur.

Judgment unanimously reversed, on the law, and the complaint dismissed, without costs and without disbursements, without prejudice to the prosecution of a common-law action.